IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>                Plaintiff,<br><br>     v.<br><br>KYND HEARTS HOME HEALTHCARE, LLC<br>d/b/a KYND HEARTS HOME HEALTH CARE;<br>SHAWNDELL D. HARRIS, and<br>ALVONDA EVANS,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff R. Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Kynd Hearts Home Healthcare, LLC d/b/a Kynd Hearts Home Health Care, ("Kynd Hearts"), Shawndell Harris, and Alvonda Evans (collectively, "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345. Defendant Kynd Hearts, is, and at all times hereinafter referenced was, a limited liability company duly organized under the laws of the Commonwealth of Virginia, with its principal office at 2006 Old

Greenbrier Road, Suite2, Chesapeake, Virginia 23320, which is within the jurisdiction and venue of this Court.

2. Defendant Kynd Hearts provides home healthcare services in its customers' homes by employing certified nursing assistants ("CNAs") and patient care assistants ("PCAs"). The CNAs and PCAs assist clients with activities of daily living such as cooking, dressing, changing, bedding, driving clients to doctor appointments, assisting with medications, bathing, changing diapers, grocery shopping, and laundry.

3. Defendant Shawndell D. Harris ("Harris") is, and at all times hereinafter referenced was, the owner and manager of Defendant Kynd Hearts, and resides at 4035 Stowaway Lane, Portsmouth, Virginia 23703, and at all times hereinafter mentioned did business in Chesapeake and the Hampton Roads area. Defendant Harris also controlled, operated and managed the daily operation of Kynd Hearts and has directly or indirectly acted in the interest of Kynd Hearts in relation to its employees, such as hiring and firing workers, setting employees' schedules, determining employees' pay rates, setting Kynd Hearts' policies, recording employee hours worked, and managing administrative work related to Kynd Hearts' business. Defendant Harris maintains a 50% ownership interest in Kynd Hearts. Defendant Harris meets the definition of an employer within the meaning of Section 3(d) of the Act. 29 U.S.C. § 203(d).

4. Defendant Alvonda Evans ("Evans") is, and at all times hereinafter referenced was, the owner and manager of Kynd Hearts, and resides at 1226 Truman Road, Suffolk, Virginia 23434, and at all times hereinafter mentioned did business in Chesapeake and the Hampton Roads area. Defendant Evans also controlled, operated and managed the daily operation of Kynd Hearts and has directly or indirectly acted in the interest of Kynd Hearts in relation to its employees, such as hiring and firing workers, setting employees' schedules,

determining employees' pay rate, setting Kynd Hearts' policies, recording employee hours worked, and managing administrative work related to Kynd Hearts' business. Defendant Evans maintains a 50% ownership interest in Kynd Hearts. Defendant Evans meets the definition of an employer within the meaning of Section 3(d) of the Act. 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through a unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing home healthcare services to customers, in furtherance of the business purposes of Defendants' unified business entity. 29 U.S.C. § 203(r).

6. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employment of persons in domestic service in households such as home health aides, personal care aides, or chauffeurs for family use as prescribed under Section 202(a). 29 U.S.C. § 202(a), 29 U.S.C. § 203(s)(1)(A)(i). Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done in an amount not less than $500,000, thereby affording coverage over all their employees pursuant to Section 3(s)(1)(A) of the Act. 29 U.S.C. § 203(s)(1)(A)(ii).

7. From at least December 22, 2016 through at least September 08, 2019 ("the Relevant Period") Defendants employed the individuals listed in the attached Schedule A (collectively referred to hereinafter as "employees") as CNAs, PCAs, and other domestic workers at some point during the Relevant Period.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for hours worked over forty (40) in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. 29 U.S.C. § 216(c).

9. For example, during the Relevant Period, Defendants failed to compensate certain non-exempt employees who worked over forty (40) hours in a workweek one and one-half times their regular rate. Defendants paid those employees straight time for all hours worked over forty (40) in a workweek. Defendants' practice of paying employees straight time for all hours worked over forty (40) hours in a workweek violated Sections 7 and 15(a)(2) of the Act.

10. Additionally, it was Defendants' practice to reduce employees' hourly rates when they worked more than forty (40) hours a week (i.e., Defendants paid employees varying hourly rates of pay during overtime workweeks). Defendant developed a pay scheme to reduce employees' hourly rates the more hours employees worked. Defendants would then pay the overtime rate based on the reduced hourly rate, not the regular hourly rate. For instance, Defendants would reduce the pay rate of an employee who regularly earned $9 to $7.92 an hour when the employee worked between 55-67 hours a week (i.e., instead of paying the employee $13.50 an hour for overtime, Defendants would pay $11.21 an hour for overtime). This practice resulted in Defendants paying employees overtime based on an artificial "regular" rate, which is a violation of Section 7 and 15(a)(2).

11. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain and preserve adequate and accurate records of their employees' wages, hours and other conditions of employment, as required by the regulations issued and found at 29 C.F.R. Part 516.  For example, Defendants failed to make, keep, and preserve accurate records of employees' regular rate of pay and the total premium pay for all overtime hours worked in a workweek and compensation as prescribed by 29 C.F.R. § 516.2(a)(6) and (9).

12. In carrying out the above practices during the Relevant Period, Defendants willfully violated the provisions of the Act as alleged above. Defendants knew their obligation to pay the proper overtime rate and showed reckless disregard to the dictates of the Act as alleged above. As a result of the violations alleged above, amounts are owed for hours worked that were paid at rates less than the rate set forth in Section 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the Relevant Period whose identities are not now known to the Plaintiff. A judgment permanently enjoining and restraining the violations herein alleged (including the restraint of withholding of payment of overtime compensation) is specifically authorized by Section 17 of the Act. 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 15(a)(2) and 15(a)(5) of the Act; and

(b) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of December 22, 2016 through at least September 8, 2019, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after September 8, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during litigation and added to Schedule A; or

(c) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address: **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450
(202) 693-9382(voice)
(202) 693-9392 (fax)
france.angela.h@dol.gov

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

                                                Adam F. Welsh
                                                Regional Wage and Hour Counsel

                                                */s/* <u>Angela H. France</u>
                                                Angela H. France
                                                VA State Bar #: 46862
December 16, 2020                         Trial Attorney

## Schedule A

| First Name | Last Name |
|---|---|
| Tarshra | Alexander |
| Jasmine | Anderson |
| Artis | Anthony |
| Patsy | Armistead |
| Julia | Artis |
| Loreal | Artis |
| Rasheedah | Artis |
| Raushanah | Artis |
| Sade | Artis |
| Tamara | Artis |
| Frenchie | Askew |
| Sebrina | Askew |
| Katonya | Austin |
| Angineka | Banks |
| Teryn | Barbour |
| Candice | Benson |
| Ishanique | Benton |
| Dawn | Bivins |
| Cynthia | Boakye |
| Jacquelyn | Boykins |
| Linda | Boykins |
| Brittney | Bradshaw |
| Bernadette | Branch |
| Cornelius | Brayboy |
| Shameka | Britt |
| Chantika | Brown |
| Erica | Brown |
| Josehine | Brown |
| Latonya | Brown |
| Myesha | Brown |
| Ratisha | Brown |
| Shakia | Brown |
| Shelia | Brown |
| Stacey | Brown |
| Tyrell | Brown |
| Kaneisha | Brownson |
| Christina | Bryant |
| Diane | Carmack |
| Jamie | Carr |
| Caronia | Carroll |

| | |
|---|---|
| Yolanda | Carroll |
| Shenige | Carter |
| Charles | Clark |
| Shannon | Clements |
| Raquel | Cochran |
| Angel | Conner |
| Kyra | Cromwell |
| Natashia | Cunningham |
| Tracy | Dancy |
| Shanita | Davis |
| Jobena | Davis-Lyons |
| Kurtiz | Diggs |
| Tyrice | Dildy |
| Tomare | Drumgoole |
| Sajada | Ebron |
| Desire | Eley |
| Lisha | Eley |
| Christopher | Etheridge |
| Dianne | Eure |
| Tia | Faircloth |
| Kasha | Faulk |
| Jawana | Fulford |
| Felita | Gates |
| Selita | Gates |
| Shannel | Gay |
| Tamesha | Gholston |
| Chiquita | Gibbons |
| Amy | Gibson |
| Latonia | Godwyn |
| Shamika | Goldman |
| Latonia | Goodwyn |
| Aleasha | Grooms |
| Carolyn | Hall |
| Ciara | Hamilton |
| Timeka | Harden |
| Alice | Harris |
| Lavonda | Harris |
| Gwendolyn | Haskins |
| Linda | Hayes |
| Lawanda | Hendricks |
| Barbara | Hike |
| Shavonda | Hines |
| Lynette | Horton |

| | |
|---|---|
| Melissa | Horton |
| Zakia | Howard |
| Jerome | Hudson |
| Lene | Hunter Jo |
| Chelsea | Hyman |
| Latarsha | Isiakpere |
| Tykeko | Jackson |
| Jonelle | Jacobs |
| Larhonda | Jamie |
| Charles | Jenkins |
| Darlene | Jenkins |
| Ashley | Johnson |
| Christina | Johnson |
| Danielle | Johnson |
| James | Johnson |
| Konya | Johnson |
| Patricia | Johnson |
| Ralph | Johnson |
| Rico | Johnson |
| Trevell | Johnson |
| Zhann'e | Johnson |
| Niya | Johnson-Ralph |
| Cierra | Jones |
| Gwenverea | Jones |
| Marda | Jones |
| Maria | Jones |
| Melissa | Jones |
| Ramica | Jones |
| Sophia | Jones |
| Jeffrey | Joyner |
| Latvauia | Joyner |
| Janet | Kearney |
| Candace | Kennedy |
| Arabia | King |
| Kavone | King |
| Keiairra | King |
| Shelly | Knight |
| Jasmine | Lassiter |
| Novella | Lawrence |
| Yolanda | Lawrence |
| Iyanna | Lee |
| Nichell | Lewis |
| Nikolya | Luckett |

| | |
|---|---|
| Michael | Mann |
| Lashaun | Martin |
| Shelia | Mayes |
| Joyce | McCray |
| Shana | Melton |
| Tomisha | Melton |
| Yvette | Mings |
| Sandra | Montgomery |
| Cheryl | Moore |
| Kimberlie | Moore |
| Mary | Morris |
| Karon | Morton |
| Leshia | Murphy |
| Mary | Newsome |
| Velma | Outlaw |
| William | Pollard |
| Angela | Ralph |
| Lateisha | Ralph |
| Rory | Rankin |
| Aisha | Reid |
| Tiffany | Reid |
| Joyce | Rich |
| Davora | Richards |
| Angela | Ricks |
| April | Riddick |
| Joseph | Riddick |
| Mario | Robertson |
| Special | Robindon |
| Sherelle | Robinson |
| Tremyle | Rogers |
| Shallynn | Roney |
| Vernicia | Ruffin |
| Brittanie | Saunders |
| Brittany | Scott |
| Derrick | Scott |
| Hope | Scott |
| Michele | Scott |
| Shanita | Scott |
| Wilhelmena | Scott |
| Andrea | Skinner |
| Latoya | Skinner |
| Tierra | Slaughter |
| Barry | Smith |

| | |
|---|---|
| James | Smith |
| Martina | Spence |
| Nikita | Spratley |
| Ta'Sheala | Spratley |
| Shydae | Staton |
| Brenda | Stepney |
| Rosa | Steward |
| Taneisha | Tate |
| Valorie | Taylor |
| Xavier | Taylor |
| Giavonni | Turner |
| Michelle | Turner |
| Keisha | Tynes |
| Dorothy | Vaughan |
| Michelle | Vaughan Roper |
| Titiala | Waddler |
| Cynthia | Walker |
| Josette | Walker |
| Shannon | Walker |
| Vance | Walker |
| Donnell | Ward |
| Diandra | Watkins |
| Bonita | White |
| Sabrina | White |
| Tara | Whitehead |
| Terrence | Whitfield |
| Tonya | Whitfield |
| Demetria | Williams |
| Teaira | Williams |
| Deborah | Willie |
| Michelle | Willingham |
| Adrien | Wilson |
| Josie | Wilson |
| Kim | Wilson |
| Jaynesha | Winston |
| Victoria | Winston |
| Evelyn | Woods |
| Betty | Wright |
| Tonya | Wright |