**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MARTIN J. WALSH,
*Secretary of Labor, United States Department of Labor*

    Plaintiff,

        v.                                        Civil Action No. 2:20cv630 (EWH)

KYND HEARTS HOME
HEALTHCARE, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (the "Motion"). ECF No. 31. The Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). The Motion is now fully briefed and ripe for disposition. Considering Plaintiff's Motion and the parties' briefing, and for the reasons stated below, the Court will grant Plaintiff's Motion and grant in part Plaintiff's request for injunctive relief.

## I. BACKGROUND

This is an action brough by Martin J. Walsh, Secretary of Labor of the United States Department of Labor ("Plaintiff" or "Secretary"), against Kynd Hearts Home Healthcare ("Kynd Hearts") and its owners, for nonpayment of overtime wages and failure to keep required records in violation of the Fair Labor Standards Act ("FLSA" or "the Act"). 29 U.S.C. §§ 207, 211(c), 215. As this Court previously set forth in its April 5, 2022 Memorandum Opinion, Kynd Hearts is a limited liability company owned by Shawndell D. Harris and Alvonda Evans (collectively,

"Defendants"). Kynd Hearts provides health care services in its customers' homes by employing certified nursing assistants and patient care assistants. *See* ECF No. 18.

Plaintiff alleges Defendants violated the FLSA by failing to compensate their employees for overtime hours and failing to maintain records as required by the Act. Specifically, Plaintiff alleges that from at least September 8, 2017, through at least December 31, 2019,[1] Defendants willfully violated the FLSA "by employing their employees . . . for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for hours worked over forty (40) in a workweek at rates not less than one and one-half times their regular rates." Compl. ¶¶ 7–8, ECF No. 1; 29 U.S.C. §§ 207, 215(a)(2). Plaintiff further alleges that Defendants violated the FLSA by "fail[ing] to maintain and preserve adequate and accurate records of their employees' wages, hours and other conditions of employment." Compl. ¶ 11; 29 U.S.C. §§ 211(c), 215(a)(5); *see also* 29 C.F.R. § 516.2(a)(6), (9).

## II. PROCEDURAL HISTORY

On August 10, 2022, Plaintiff filed the instant Motion for Summary Judgment and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Memorandum"). ECF Nos. 31, 32. On August 24, 2022, Defendants filed a response ("Defendant's Response"), ECF No. 33, and on August 30, 2022, Plaintiff filed a reply in further support of the Motion, ECF No. 34.

---

[1] The Secretary originally alleged a relevant time period of December 22, 2016 through at least September 8, 2019. Compl. ¶ 7. In his Motion for Summary Judgment, the Secretary modified the relevant time period in which he is seeking relief to between September 8, 2017 and December 31, 2019. This appears to be based on updated pay and time records submitted by the Defendants, *see* ECF No. 30, Notice of Revised Schedule A 1 n.1, and an objection by Defendants to liability extending beyond a three-year statute of limitations plus a 99-day tolling period. *See* Pl.'s Mem. Ex. 4 ¶ 1.

There are no material facts in dispute. *See* Pl.'s Mem. 6; Defs.' Resp. 1–2.[2] Defendants instead contest that they acted willfully and challenge Plaintiff's request for an order enjoining Defendants from withholding the back wages for which they are liable (a "restitutionary injunction"). Defs.' Resp. 1–2 (challenging Plaintiff's proposed order filed at ECF No. 31-1).[3] On September 28, 2022, the Court ordered the parties to provide supplemental briefing on the issue of whether the Court should grant Plaintiff a restitutionary injunction. ECF No. 41. Both parties filed supplemental briefing pursuant to the Court's Order on October 12, 2022. ECF Nos. 42, 43.

### III. STANDARD OF REVIEW

A court may award summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). In evaluating a summary judgment motion, a court "must consider whether a reasonable

---

[2]  Although Defendants do not explicitly state that there are no material facts in dispute, Defendants concede that they do not contest "the relief sought by the Plaintiff in his Motion for Summary Judgment" and that "Plaintiff is entitled to judgment as a matter of law with respect to all claims in the Complaint." Defs.' Resp. 1–2. Defendants also have failed to comply with Local Civil Rule 56(B), which requires that a brief in response to a motion for summary judgment "include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." E.D. Va. Loc. R. 56(B). Given the admissions, as well as the fact that Defendants have failed to dispute any material facts or provide evidence in support of their position, the Court will "assume that facts identified by the moving party in its listing of material facts are admitted." E.D. Va. Loc. R. 56(B).

[3]  Regarding willfulness, Defendants dispute paragraph 6 of Plaintiff's Proposed Order, which states, "Defendants' violations of the Act were willful, subjecting Defendants to a three-year statute of limitations for back pay liability." ECF No. 31-1 ¶ 6; Defs.' Resp. 1, n.1 ("Kynd specifically, and emphatically, disputes that their alleged violations were 'willful' as stated in Plaintiff's proposed order."). Defendants also contest the injunctive relief contained in paragraph 8 of Plaintiff's Proposed Order, which states, in part, "Defendants are liable for, and are enjoined and restrained from withholding, $759,698.70 in back wages pursuant to Sections 16(c) and 17 of the FLSA." ECF No. 31-1 ¶ 8; Defs.' Resp. 2 (arguing restitutionary injunctive relief is improper because it "is seeking more than" the Secretary sought in his Complaint).

[factfinder] could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." *In re Apex Express Corp.*, 190 F.3d at 633. In doing so, a court is not entitled to either weigh the evidence or make credibility determinations. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ."). Even if the nonmovant fails to adequately oppose summary judgment, the Court remains "obligated" to "thoroughly analyze[] the motion." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013).

## IV. ANALYSIS

Section 7 of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA also requires employers who are subject to any of its provisions to keep records of the "persons employed" and the "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). Violation of these requirements is prohibited under Sections 15(a)(2) and 15(a)(5), respectively. 29 U.S.C. §§ 215(a)(2), (5).

Defendants are subject to these overtime and recordkeeping provisions of the FLSA. Defendants provide home healthcare services by employing certified nursing assistants and patient care assistants to assist clients with the activities of daily living. Plaintiff Statement of Undisputed Material Facts ("PSUF") ¶ 5, ECF No. 32. By providing these services, Defendants' employees are "engaged in commerce." 29 U.S.C. § 207(a)(1); *see also* 29 U.S.C. § 202(a) (finding that

domestic service employees affect commerce). Kynd Hearts is also an "enterprise engaged in commerce," because it "has employees engaged in commerce," 29 U.S.C. § 203(s)(1)(A)(i), and meets the threshold sales volume. 29 U.S.C. § 203(s)(1)(A)(ii); Pl.'s Mem. Ex. 1, Def. Admission No. 1 (annual gross volume of sales exceeds $500,000). Its owners, Defendants Shawndell D. Harris and Alvonda Evans, likewise qualify as "employers" under the Act. Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Harris and Evans, each 50% owners of Kynd Hearts, act as employers with respect to Kynd Hearts' employees—they hire and fire employees, set rates of pay and work schedules, assign, schedule, and supervise the work of employees, among other duties. PSUF ¶¶ 6–7. As employers subject to provisions of the FLSA, Defendants must follow the recordkeeping provisions under Section 11(c). 29 U.S.C. § 211(c).

For remedies, the FLSA provides the Secretary an ability to seek a judgment for back wages and an equal amount as liquidated damages under 29 U.S.C. § 216(c). The Secretary also may seek injunctive relief to "restrain violations" of the Act, including "the restraint of any withholding of payment of minimum wages or overtime compensation." 29 U.S.C. § 217. This can be used to enjoin employers from violating the statute in the future (a "prospective injunction") or from withholding employees' back wages or overtime compensation (a "restitutionary injunction").

### A. FLSA's Overtime Requirements

Defendants violated FLSA's overtime requirements. The FLSA forbids an employer from employing any worker "for a workweek longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the [worker's] regular rate" for the excess hours. 29 U.S.C. § 207(a)(1); *Flood v. New Hanover Cnty.*, 125 F.3d 249, 251 (4th Cir. 1997). Defendants violated the overtime requirements in two ways: (1) by explicitly paying the

regular rate to employees for time worked in excess of forty hours each week, and (2) by reducing employees' regular rate in weeks when overtime was worked. An employee's "regular rate" is determined by looking at the rate paid to employees for hours worked in non-overtime weeks. *Flood*, 125 F.3d at 251 (defining the "regular rate" as "the hourly rate that the employer pays the employee for the normal, nonovertime forty-hour workweek"). Based on payroll records and Defendants' admissions, Kynd Hearts employees' regular rate was $9.00. *See* Pl.'s Mem. Ex. 6A, Sample Payroll Records for Cornelius Brayboy; *Id*. Ex. 2, Deposition Transcript of Defendant Kynd Hearts at 44:15, 47:10-22.

      Certain of Defendants' overtime violations are apparent on the face of the payroll records. These records show that in certain instances Defendants improperly paid the regular rate for hours worked in excess of forty in a given week. *See, e.g.*, *id*. Ex. 6C, Sample Payroll Record for Ta'Sheala Spratley. In other instances, Defendants artificially reduced employees' base pay rate and calculated an artificial overtime premium based on the reduced rate. Modifying an employee's "regular rate" to avoid payment of overtime premiums is unlawful. *U.S. Dep't of Lab. v. Fire & Safety Investigation Consulting Servs.*, *LLC*, 915 F.3d 277, 282 (4th Cir. 2019). For Kynd Hearts employees, the more overtime hours an employee worked, the less base pay the employee would receive. *See* Pl.'s Mem Ex. 8. As the Secretary explains, "[t]his practice resulted in employees earning the same take home pay as working straight time for all hours worked, including overtime hours, while giving the false appearance of compliance with the FLSA." PSUF ¶ 19; *see also Brennan v. Brendell Mfg. Co.*, No. 73-1862, 1974 WL 3158, at *1 (10th Cir. Nov. 25, 1974) (finding a FLSA Section 7(a) violation when an employer engaged in a similar practice). In total, Defendants unlawfully withheld $759,698.70 in employee wages during the relevant period. Pl.'s Mem. Ex. 3, Declaration of Wage and Hour Investigator John Santiago ("WHI Santiago Decl.")

¶¶ 56, 57; *id*. Ex. 3A, Wage and Hour Back Wage Transcription.

### B. FLSA's Recordkeeping Requirements

By keeping records that did not accurately reflect the overtime due to employees, the Defendants also violated Section 11(c) of the FLSA, which requires Defendants to "make, keep, and preserve such records of the persons employed by [them] and of the wages, hours, and other conditions and practices of employment maintained by [them]." 29 U.S.C. § 211(c). The Secretary has enacted regulations specifying that these records must include the "[t]otal premium pay for overtime hours." 29 C.F.R. § 516.2. The records must be accurate. *See Williams v. Tri-Cnty. Growers, Inc.*, 747 F.2d 121, 128 (3d Cir. 1984).

### C. Statute of Limitations

A three-year statute of limitations applies in this case. The FLSA is generally governed by a two-year statute of limitations, unless the Secretary establishes a "willful" violation, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255(a). "Willful" conduct is established when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Here, the Defendants were previously investigated in 2014 through 2016 by the U.S. Department of Labor Wage and Hour Division ("WHD") for failure to pay overtime. At the end of that investigation, Defendants agreed to pay back wages and were provided a copy of FLSA overtime regulations that specifically prohibited the pay scheme at issue in this lawsuit. PSUF ¶¶ 9–12; Pl.'s Mem. Ex. 5B, FLSA Materials (containing text of 29 C.F.R. § 778.327). Defendants acknowledged they read the materials. PSUF ¶ 11. As such, they knew of their obligations to pay overtime and the illegality of the specific practice they used to evade those obligations. While Defendants include a brief footnote in their briefing disputing that their actions were "willful,"

7

they provide no justification for this conclusion. Defs.' Resp. 1 n.1. Accordingly, the Court finds the Defendants willfully violated the statute and a three-year statute of limitations is applicable.

**D. Damages**

1. Back Wages

Defendants are liable for back wages in an amount of $759,698.70 for the relevant period of September 8, 2017 through December 31, 2019. When an employer is found in violation of the FLSA, it "shall be liable to the . . . employees affected in the amount of . . . their unpaid overtime compensation." 29 U.S.C. § 216(b). The Secretary is authorized to bring an action to recover the unpaid overtime compensation due to the employees. *Id.* § 216(c). The Secretary calculated the amount of back wages Defendants owed as $759,698.70, "based on direct transcriptions of Defendants' time and payroll records, which showed employees' weekly hours worked and biweekly wages." Pl.'s Mem. 21; *Id.* Ex. 3A, Wage and Hour Back Wage Transcription; WHI Santiago Decl. ¶¶ 56, 57. To compute this amount for employees who were paid straight time for hours that should have received overtime pay, WHD multiplied the employee's regular rate by one-half and multiplied that half-time rate by the number of hours over forty (40) the employee worked in a week. PSUF ¶ 27; Pl.'s Mem. 21. For employees who were paid fluctuating rates based on the number of overtime hours worked, WHD conducted the same calculation, except first determined the employee's regular rate by identifying the rate the employee was paid in non-overtime weeks. PSUF ¶ 28; Pl.'s Mem. 21–22. Defendants do not dispute the Secretary's calculations. Accordingly, the Court finds Defendants owe $759,698.70 in back wages for the relevant period.

2. Liquidated Damages

The Secretary has established that an award of liquidated damages is appropriate in this

action. The FLSA provides that an employer who fails to pay minimum wages and overtime compensation, as required by FLSA Sections 6 and 7, is liable for liquidated damages in an amount equal to the unpaid minimum wages and overtime compensation. *Id.* § 216(b). The Supreme Court explained that FLSA's liquidated-damages provision:

> constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living . . . that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being.

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (footnote omitted). In fact, "a grant of liquidated damages is the 'norm' in cases in which the FLSA is violated." *Williams v. Md. Off. Relocators*, 485 F.Supp.2d 616, 620 (D. Md. 2007) (quoting *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997)). However, a district court can deny or reduce liquidated damages if the defendants show that the "act or omission giving rise to such action was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. An employer, however, cannot "simply remain blissfully ignorant of FLSA requirements." *Burnley v. Short*, 730 F.2d 136, 140 (4th Cir. 1984). The Fourth Circuit has interpreted "the exemption entailed by § 260 to place a 'plain and substantial burden' upon the employer to persuade the court that the 'failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997) (quoting *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 357 (4th Cir. 1994)).

Defendants appear to contest that liquidated damages are appropriate, given that they ask the Court to adopt a proposed order without a liquidated damages award. *See* Proposed Final Order 2, ECF No. 33-1. However, Defendants fail to put forward a viable argument in support of this

9

position. Defendants do not contend they were acting in good faith or had "reasonable grounds" to believe their actions were not in violation of the Act. In fact, Defendants acknowledged that they were required to pay their employees time-and-a-half for overtime work but "told employees that Kynd Hearts does not pay overtime." PSUF ¶¶ 20, 23. Also, as has been noted above, this is Defendants' second Department of Labor investigation for failure to pay overtime wages, and they used a method to avoid paying overtime wages that was explicitly proscribed in the FLSA materials provided to them. *Id.* ¶¶ 9–12; Pl.'s Mem. Ex. 5B, FLSA Materials (containing text of 29 C.F.R. § 778.327). Given Defendants' knowledge of their violations, as well as the lack of any proffered justification for the violations, the Court finds the award of liquidated damages entirely appropriate and grants the Secretary liquidated damages in an amount equal to the unpaid minimum wages and overtime compensation.

3. Injunctive Relief

In addition to a judgment pursuant to 29 U.S.C. § 216(c) for back wages owed, the Secretary's proposed order also seeks prospective and restitutionary injunctive relief under 29 U.S.C. § 217. The Secretary asks the Court to enjoin Defendants from future violations of Sections 7, 11(c) and 15 and to "enjoin[]" and "restrain[] from withholding" the back wages for which Defendants are liable. Proposed Order ¶ 8, ECF 31-1. The Court finds a prospective injunction warranted but denies the Secretary's request for a restitutionary injunction.

Granting injunctive relief is an equitable matter that lies within the discretion of the trial court. *See Sec'y of Labor, United States DOL v. Access Home Care. Inc.*, Civil Action No. 1:18-cv-581, 2019 WL 8887760, at *4 (E.D. Va. Mar. 20, 2019) (citing *McComb v. Homeworkers' Handicraft Coop.*, 176 F.2d 633, 641 (4th Cir. 1949)). With respect to prospective injunctions in FLSA cases, the Tenth Circuit has noted that courts properly consider "the employer's previous

conduct, its current conduct, and the reliability of its promises of future compliance" in determining whether to grant injunctive relief. *Metzler v. IBP, Inc.*, 127 F.3d 959, 963–64 (10th Cir. 1997). In contrast, a restitutionary injunction concerns the Secretary's ability to "collect[] the damages awarded." *Brock v. Wilamowsky*, 833 F.2d 11, 20 (2d Cir. 1987). The motivation behind this backward-looking injunction is to compensate employees for their losses and "to correct a continuing offense against the public interest." *Reich v. Monfort, Inc.*, 144 F.3d 1329, 1335 (10th Cir. 1998) (quoting *Donovan v. Brown Equip. & Serv. Tools, Inc.*, 666 F.2d 148, 156–57 (5th Cir.1982)).

The Court agrees with the Secretary that a prospective injunction is warranted. Enjoining future violations of the FLSA by Defendants is entirely reasonable given that Defendants have again failed to pay overtime wages immediately following their first Department of Labor investigation for failure to pay overtime wages. Suppl. Mem. Supp. Pl.'s Mot. Summ. J. 4 ("Pl.'s Suppl. Mem."), ECF No. 43. Given the potential for another repeat offense, it is appropriate to enjoin future FLSA violations by Defendants. This will help streamline any future enforcement actions taken by the Department of Labor against Defendants for noncompliance. *See, e.g.*, *Martin v. Funtime, Inc.*, 963 F.2d 110, 114 (6th Cir. 1992).

The Court is, however, unconvinced that a restitutionary injunction is necessary. The Secretary contends that precedent in the Fifth and the Tenth Circuit indicate the Court "must" grant a restitutionary injunction upon the Secretary's request. Pl.'s Suppl. Mem. 5 (quoting *Reich v. Monfort, Inc.*, 144 F.3d 1329 (10th Cir. 1998) (quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 197 (5th Cir. 1983))). The Court disagrees. In *Sabine Irrigation Co.*, the Fifth Circuit persuasively counsels that although "the district court's discretion to refuse the Secretary's request for a restitutionary injunction is *limited*," the district court must still consider whether "the

11

prerequisites for this remedy have been met and the policy reasons underlying Congress' enactment of the legislation have been fulfilled." 695 F.2d at 197 (emphasis added). The court should therefore consider whether the requested restitutionary injunction "furthers the FLSA's twin purposes of compensating the injured employees, and of redressing a continuing public wrong by depriving a violator of any gains accruing to him through his violations, and protecting those employers who comply with the Act's wage requirements from having to compete unfavorably with those who do not." *Id*.

Here, unlike in *Sabine Irrigation*, the Secretary has sought (and the Court will grant) a money judgment under § 216(c) in the amount of the back wages and liquidated damages. The Secretary does not explain why a money judgment is insufficient to serve the purposes of the statute as discussed by *Sabine Irrigation*. The arguments the Secretary raises regarding the Defendants' prior conduct and the potential that Defendants may reoffend in the future, Pl.'s Suppl. Mem. 3–4, are addressed by the prospective injunction, which restrains future violations. The restitutionary injunction, on the other hand, addresses the concern that Defendants may fail to pay the delinquent back pay and liquidated damages. As to this concern, the Secretary does not make any showing. Specifically, the Secretary does not allege that Defendants failed to pay the amounts assessed against them in the first investigation or provide an explanation as to why there would be difficulty in collecting the amounts through a judgment issued pursuant to 29 U.S.C. § 216(c). Therefore, the Court declines to award the Secretary a restitutionary injunction.

## III. CONCLUSION

For the reasons detailed above, the Court will grant Plaintiff's Motion and grant in part Plaintiff's request for injunctive relief.

An appropriate Order shall issue.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: December 5, 2022