**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MARTIN J. WALSH,
*Secretary of Labor, United States*
*Department of Labor*

      Plaintiff,

        v.                             Civil Action No. 2:20cv630 (EWH)

KYND HEARTS HOME
HEALTHCARE, LLC, *et al.*,

      Defendants.

**ORDER**

Upon consideration of Plaintiff's Motion for Summary Judgment, ECF No. 31, it is

hereby ORDERED that:

1. Plaintiff's Motion for Summary Judgment is GRANTED.

2. Defendants Kynd Hearts Home Healthcare, LLC d/b/a Kynd Hearts Home Healthcare, Shawndell Harris, and Alvonda Evans ("Defendants") are subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or "the Act").

3. Defendant Shawndell Harris and Alvonda Evans are "employers" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and are therefore individually liable for the violations of the FLSA.

4. Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

5. Defendants violated the recordkeeping provisions of the FLSA, 29 U.S.C. § 211(c).

6. Defendants' violations of the Act were willful, subjecting Defendants to a three-year statute of limitations for back pay liability.

1

7. Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 7, 11(c), and 15 of the Act, in any manner, specifically:

    a. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

    b. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

8. Defendants are liable for $759,698.70 in back wages pursuant to Section 16(c) of the FLSA, due to the employees of Defendants identified on Revised Schedule A, ECF No. 30, for the time period of September 8, 2017 through December 31, 2019.

9. Defendants are jointly and severally liable for the payment of $759,698.70 in liquidated

damages pursuant to Section 16(c) of the FLSA, due to the employees of Defendants identified on Revised Schedule A of Plaintiff's Complaint, ECF No. 30, for the time period of September 8, 2017 through December 31, 2019.

10. This Order does not preclude the Secretary from seeking a judgment for any additional amounts of back wages and liquidated damages owed to any current and former employees of Defendants, including but not limited to any employee listed on Revised Schedule A for violations continuing after December 31, 2019.

It is so ORDERED.

_____/s/_____

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: December 5, 2022